**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| PHILLIP JOSEPH DUSSEAU,<br><br>Plaintiff,<br><br>v.<br><br>JASON EISENMANN, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-421-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Phillip Dusseau ("Dusseau") has filed a complaint against several Defendants for violating his constitutional rights. (ECF 1). He has also moved for leave to proceed in forma pauperis. (ECF 2).

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this appeal] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

---

[1] *See* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

Dusseau lists no spouse and no dependents. (ECF 2). He makes $2000 per month, which annualizes to $24,000 of income per year. (*Id.*). This exceeds 150 percent of the Poverty Line for a one-person household, which is $23,940 per year. *See* Annual Update of the HHS Poverty Guidelines, 91 FR 1797 (January 15, 2026). That said, Dusseau only exceeds the threshold by $60. (ECF 2). He has only $4.50 in cash on hand. (*Id.*). And while he lists $10,000 in additional property, such property may not be easy or feasible to liquidate just to pay the $405 filing fee. (*Id.*). Accordingly, the Court finds that Dusseau has demonstrated paying the filing fee would result in an inability to provide for the necessities of life.

For these reasons, the Court:

(1) GRANTS Dusseau's motion to proceed in forma pauperis (ECF 2);

(2) DEFERS payment of the filing fee;

(3) DIRECTS the clerk to mail Dusseau five copies of a blank summons, one for each Defendant;

(4) DIRECTS Dusseau to file a summons for each Defendant with the Court, complete with their addresses, no later than **November 23, 2026**; and

(5) CAUTIONS Dusseau that failure to comply with this deadline could result in his case being dismissed.

**SO ORDERED** on October 22, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT